

# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

GARY EDWARD HALL      :      CIVIL ACTION

       : 

v.    FILED    : 

       :

AFSCME, et al.    SEP 2 2017    :      NO. 17-3417

KATE BARKMAN, Clerk

Dep. Clerk

By____

### MEMORANDUM

JONES, J.                                          SEPTEMBER 25ᵗʰ, 2017

Plaintiff Gary Hall, a veteran, filed this civil action based on how he has been treated by employees of the Veteran's Administration (VA) since 2010. Currently before the Court is plaintiff's motion for leave to amend. The Court will grant the motion, treat the filing as an amended complaint, and dismiss the amended complaint for the following reasons.

## I.     FACTS AND PROCEDURAL HISTORY

Plaintiff filed this civil action against AFSCME, the Department of Veterans Affairs (VA), and the Attorney General of the United States. He alleged that "federal employees [AFSCME] and their affiliates through V.A. Medical Centers . . . insidiously deny/harass plaintiff medical benefits and his efforts to end his homelessness, which is covered in U.S. Code and federal regulations." (Compl. at 3.) In an August 3, 2017 order, the Court dismissed the complaint, concluding that it lacked subject matter jurisdiction over any claims seeking review of benefits-related decisions by the V.A. To the extent plaintiff was raising claims within the Court's jurisdiction, the Court could not discern a clear basis for understanding what laws or regulations were violated or how AFSCME or the Attorney General could be held legally responsible for any claims arising out of plaintiff's interactions with VA employees. Plaintiff was given leave to file an amended complaint.

1

Plaintiff returned with a "motion to amend original complaint." He indicated that he would like to raise claims against: (1) J. David Cox, president of the American Federation of Government Employees (AFGE), a union for employees of the federal government; (2) Donald J. Shulkin, Secretary of the VA; and (3) the VA. He asserts violations of his due process rights, right to free speech, and right to be free from cruel and unusual punishment.

Plaintiff's allegations concern medical treatment at three different VA facilities and his belief that, since 2010, VA employees are interfering with his medical care and/or failing to provide him the benefits he is owed by the VA. Plaintiff contends that when he sought medical care through the VA, his care "was subject to the oversight of individuals distinguished only by their sudden appearance of men, with white jackets without name tags." (Compl. at 2.) Plaintiff takes issue with the fact that VA employees and/or AFGE members know who he is even if they have not had prior contact with him. He also contends that a transitional home to which he was referred required reimbursement beyond what he believes the home was entitled under applicable regulations. He also believes that VA medical personnel were hostile to him, mistreated him, and harassed him. Plaintiff has concluded that "[t]he totality of the numerous actions of employees of the [VA] possibly relate to unlawful experimentation being done on [his] person, without [his] consent." (*Id.* at 4.)

The complaint references a prior civil action filed by plaintiff in 2010, *Hall v. Chambers*, Civ. A. No. 10-5204, which concerned his treatment at a VA facility in Coatesville. The Court granted summary judgment to the defendants in that case. The complaint in the present civil action reflects that plaintiff is dissatisfied with the resolution of his 2010 case; he "presumes that clerks of the United States District Court for eastern Pennsylvania are most likely, also members of AFGE." (Compl. at 5.)

2

In his motion to amend, plaintiff alleges in response to the Court's initial order in this case, that he is not seeking a review of benefits determinations. Instead, he contends that he seeks to raise constitutional claims against the defendants based on the "insidious and pernicious actions now applied to his entitlements by AFGE and the [VA]." (Compl. at 7.)

## II.     STANDARD OF REVIEW

As plaintiff is proceeding *in forma pauperis*, the Court must dismiss his complaint if it frivolous, malicious, or fails to state a claim. *See* 28 U.S.C. § 1915(e)(2)(B)(i)-(ii).[1] To survive dismissal for failure to state a claim, the complaint must contain "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotations omitted). Conclusory statements and naked assertions will not suffice. *Id.* As plaintiff is proceeding *pro se*, the Court construes his allegations liberally. *Higgs v. Att'y Gen.*, 655 F.3d 333, 339 (3d Cir. 2011). Furthermore, "[i]f the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." Fed. R. Civ. P. 12(h)(3).

## III.     DISCUSSION

The Court understands the complaint to be predicated on plaintiff's dissatisfaction with his experience with the VA and treatment by VA employees over a span of approximately seven years. The basis for plaintiff's claims against J. David Cox, president of the American Federation of Government Employees (AFGE), appears to be his belief that those VA employees are members of the AFGE and that they are powerful and/or act in concert by virtue of their union membership. Regardless of any claims plaintiff may have arising from his treatment by VA employees, those employees' membership in a union does not provide a basis for a claim

---

[1] Section 1915(e)(2)(B) applies to civil cases filed by any plaintiff proceeding *in forma pauperis*, not just those who are incarcerated.

against the president of the union or the union itself. Likewise, plaintiff's dissatisfaction with

the resolution of his 2010 lawsuit does not give rise to a claim against Cox based on plaintiff's

presumption that Court staff are members of the AFGE. In other words, the Court cannot discern

any legal basis for Cox's liability from the complaint. Accordingly, the Court will dismiss those

claims with prejudice.

Additionally, plaintiff may not reassert any claims that have already been litigated in his

2010 civil action. If plaintiff is raising claims in this lawsuit based on facts or events that were at

issue in his 2010 lawsuit, the Court will dismiss those claims because they have already been

litigated. *See Brodzki v. CBS Sports*, Civ. A. No. 11-841, 2012 WL 125281, at *1 (D. Del. Jan.

13, 2012) ("[A] district court may dismiss a complaint as malicious if it is plainly abusive of the

judicial process or merely repeats pending or previously litigated claims."). Plaintiff may not

reassert those claims in a new lawsuit, even if he is dissatisfied with how they were resolved.

Turning to plaintiff's claims against the VA and the Secretary of the VA, plaintiff is

attempting to raise claims, apparently pursuant to *Bivens v. Six Unknown Federal Narcotics*

*Agents*, 403 U.S. 388 (1971), based on allegations that various VA employees violated his

constitutional rights in connection with how they treated him at VA facilities and/or administered

his benefits over the past seven years. Plaintiff specifically alleges that he "is not seeking

review of his benefits." (Compl. at 7.) However, he also alleges that VA employees "colluded

to deny plaintiff his entitlements as they concern a homeless veteran" and appears to be claiming

that he is not receiving benefits to which he is entitled. (*Id.* at 3.) As noted in the Court's prior

order, the Veterans Judicial Review Act sets forth a procedure that plaintiff may follow to

challenge the VA's decisions as they relate to his benefits. *See Magner v. Dep't of Veterans*

*Affairs*, No. CIV.A. 14-2873 JBS, 2015 WL 4623451, at *2 (D.N.J. Aug. 3, 2015) ("The VJRA

creates an exclusive review procedure by which veterans may resolve their disagreements with the Department of Veterans Affairs."). The Veterans Judicial Review Act precludes this Court from reviewing those decisions, regardless of how plaintiff characterizes them. *See* 38 U.S.C. § 511(a); *Jayme v. United States*, Civ. A. No. 10-3248, 2011 WL 4412431, at *3 (D.N.J. Sept. 21, 2011) ("[A] plaintiff cannot simply characterize his challenge to a benefits determination as a constitutional claim in order to overcome the jurisdictional bar of 38 U.S.C. § 511[.] "). Accordingly, to the extent plaintiff is essentially challenging benefits-related decisions, the Court must dismiss those portions of his claims for lack of subject matter jurisdiction.

Plaintiff's exclusive remedy for any negligence or intentional torts committed by VA employees in the course of treating him at VA facilities is a claim against the United States under the Federal Tort Claims Act (FTCA). *See Brown v. Mercadante*, 687 F. App'x 220, 222-23 (3d Cir. 2017) (per curiam); *see also* 38 U.S.C. § 7316(a), (f). In other words, a *Bivens* action does not exist to remedy the type of conduct described in plaintiff's complaint. *See Ingram v. Faruque*, 728 F.3d 1239, 1246 (10th Cir. 2013) ("We conclude that the [VA Immunity Statute] provides an exclusive remedy that precludes the creation of a remedy under *Bivens*.").

The FTCA partially waives the federal government's sovereign immunity to allow liability for the torts of federal employees acting within the scope of their employment "under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred." 28 U.S.C. § 1346(b)(1). The United States is the only proper defendant in a FTCA action. *See CNA v. United States*, 535 F.3d 132, 138 n.2 (3d Cir. 2008); *see also Gary v. Pa. Human Relations Comm'n*, 497 F. App'x 223, 228 (3d Cir. 2012) (per curiam) ("[T]he FTCA authorizes suits only against the United States itself, not individual defendants or agencies."). Furthermore, "[a] tort

claim against the United States shall be forever barred unless it is presented in writing to the appropriate Federal Agency within two years after such claim accrues or unless action is begun within six months after the date of mailing, by certified or registered mail, of notice of final denial of the claim by the agency to which it was presented." 28 U.S.C. § 2401(b); *see Shelton v. Bledsoe*, 775 F.3d 554, 569 (3d Cir. 2015) ("No claim can be brought under the FTCA unless the plaintiff first presents the claim to the appropriate federal agency and the agency renders a final decision on the claim.").

It is not clear whether plaintiff exhausted his claims and received a final denial before bringing this action, presumably because he did not intend to proceed under the FTCA. It also appears that several of plaintiff's claims may be time-barred because his complaint discusses events going back to 2010. However, as it is possible that plaintiff could assert a timely FTCA claim that has been exhausted, the Court will give plaintiff leave to file a second amended complaint.

ENTERED

SEP 2 6 2017

CLERK OF COURT

## IV.    CONCLUSION

For the reasons explained above, plaintiff does not have a legal basis for a claim against the president of the AFGE. Additionally, he cannot bring a *Bivens* claim based on the conduct of VA employees in administering treatment or administering his benefits. If plaintiff would like to challenge the administration of his benefits by the VA, he must follow the procedure set forth in the Veterans Judicial Review Act. If plaintiff seeks to bring claims against the United States based on torts allegedly committed by VA employees in the course of administering treatment, he may file a second amended complaint in this case under the Federal Tort Claims Act, but only in the event he has exhausted administrative remedies.

9/26/17 m a l
Hall

6